**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **APRIL MAY** § | |
| § | |
| **v.** § | **A-14-CV-444-LY** |
| § | |
| **UNITED VAN LINES, LLC** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendant United Van Lines, LLC's ("United") Motion to Dismiss and Memorandum in Support (Dkt. No. 4). The District Court referred the above-motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  BACKGROUND**

This case arises from events that occurred in the summer of 2013. On or after June 13, 2013, Plaintiff April May ("May") hired United to assist in moving her belongings from Austin, Texas, to Nevada City, California. *See* Dkt. No. 1, Exh. 2 [hereinafter Petition]. May alleges that nearly one year after the move, more than 84 boxes containing her belongings are still missing and have not been delivered. Additionally, May states that of the materials that did make it to California, nearly all arrived in damaged condition. Through the date of her original petition, May contends that United has been unable to locate her missing belongings and has not repaired those belongings that were damaged. Based on these events, May seeks damages under the following claims against

United: (1) breach of duty to act as a reasonably prudent carrier in packing, transporting, and unpacking May's belongings and (2) emotional distress. *Id.*

This case was originally filed in Travis County District Court on April 2, 2014, and removed by United to this Court on May 12, 2014. On May 18, 2014, United filed the instant Motion to Dismiss May's Petition (Dkt. No. 4), arguing that May has failed to state claims upon which relief may be granted because her state law causes of action are preempted by federal law. As of the date of this Report and Recommendation, May still has not responded to United's motion.[1]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is

---

[1] Under Local Rule CV-7, parties are given fourteen days to respond to a dispositive motion, which includes motions to dismiss. As noted, United filed the instant motion to dismiss on May 18, 2014. To timely respond to United's motion, May needed to respond by Monday, June 2, 2014. However, given that United's motion is dispositive, the Court will not grant its motion simply because it is unopposed, and will consider the merit of the issues raised therein.

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. ANALYSIS

In its motion, United argues that May's state and common law claims must be dismissed because they are preempted by federal law. Dkt. No. 4. More specifically, United contends that based on the Interstate Commerce Act ("ICA"), 49 U.S.C. § 13101, *et seq.*, the ICC Termination Act of 1995 ("ICCTA"), and the Carmack Amendment, 49 U.S.C. § 14706, its potential liability and any damages associated therewith are to be determined under federal law. Accordingly, United submits that May cannot maintain claims or seek damages under state or common law. The Court agrees.

This case is controlled by several Fifth Circuit decisions, including *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003), *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377 (5th Cir. 1998), and *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir. 1993). The Fifth Circuit's reasoning is explained fully in those cases and need not be restated in detail here. To summarize, these cases hold that (1) the Carmack Amendment provides "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier" and thus, a state-filed case is removable to federal court even when the plaintiff has only asserted state law claims, *Hoskins*, 343 F.3d at 778, and (2) the Carmack Amendment preempts all state law claims and federal common law remedies. As has been further stated by the Fifth Circuit, "Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a

3

common carrier." *Air Prod. and Chem., Inc. v. Ill. Cent. Gulf R. Co.*, 721 F.2d 483, 487 (5th Cir. 1983); *see also Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913).

It is clear that May's claims are preempted by the Carmack Amendment. May's Original Petition states that she is seeking damages for her damaged or lost property that allegedly occurred in the course of United's transportation of her belongings from Austin, Texas, to Nevada City, California. Specifically, May contends that United breached its duty to act as a reasonably prudent carrier in packing, transporting, and unpacking her belongings and that United's actions have caused her emotional distress. The fact scenario in this case is virtually identical to those presented in *Hoskins*, *Morris*, and *Moffit*; in each of those cases, the plaintiff brought state or common law claims against a carrier for losses or damages to goods arising from the interstate transportation of their goods, and in each case the Fifth Circuit found the claims preempted by the Carmack Amendment. Based on Supreme Court and Fifth Circuit precedent, May's claims are preempted by the Carmack Amendment. As such, May fails to state claim in her Original Petition, and pursuant to Rule 12(b)(6), her Original Petition must be dismissed.

## IV.  RECOMMENDATION

In accordance with the preceding discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendant United Van Lines, LLC's, Motion to Dismiss (Dkt. No. 4).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 25th day of June, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE